IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE ANGEL IBARRA, <br> No. M13620, <br><br> Plaintiff, <br><br> vs. <br><br> DR. HENDERSON, <br><br> Defendant.[1] | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-00395-MJR <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jose Angel Ibarra, an inmate currently housed in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on dental care received while he was housed at Menard Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] The Court has *sua sponte* altered the caption of the complaint from *Ibarro v. Dentist Henderson*, to *Ibarra v. Dr. Henderson*.

## The Complaint

According to the complaint, on May 14, 2012, Plaintiff Ibarra was seen by Dr. Henderson, the Menard dentist, because Plaintiff's partial denture was broken, leaving him unable to eat. Dr. Henderson asked when Plaintiff was slated to get out of prison. After learning that Plaintiff was to be released in approximately three years, Dr. Henderson told Plaintiff that the waiting list was long and that Plaintiff should see a dentist upon his release. Dr. Henderson further explained that he did not do the sort of denture repair that was needed, and that Menard was not "a Holiday Inn."

Plaintiff attempted to see the dentist again over a three month period, without success. On August 22, 2012, Plaintiff swallowed his broken denture, which he attributes to it not being repaired earlier by Dr. Henderson. Plaintiff was apparently forced to "pass" the denture.

On September 27, 2012, Dr. Henderson examined Plaintiff and discovered that teeth 4 and 13 were bleeding and loose. Dr. Henderson explained that the waiting list for treatment of these new issues was long, but the two teeth could be extracted immediately. Plaintiff declined to have the teeth extracted, preferring to wait for treatment.

Plaintiff saw Dr. Henderson again on November 2, 2012. Although Plaintiff requested an interpreter, none was provided, so Plaintiff unwittingly signed a form consenting to treatment. An anesthetic was administered and Dr. Henderson began working in Plaintiff's mouth. Plaintiff only later discovered when he removed gauze from his mouth that the two teeth he thought Dr. Henderson was repairing had been extracted.

Plaintiff contends that Dr. Henderson was deliberately indifferent to his, Plaintiff's, serious medical needs in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages against Dr. Henderson in his individual capacity.

**Discussion**

Based on the allegations in the complaint, the Court views the complaint as presenting an overarching Eighth Amendment claim regarding how Dr. Henderson treated Plaintiff's dental problems. Although the narrative portion of the complaint describes how various other individuals (some identified by name) were involved in Plaintiff's efforts to secure dental care, because only Dr. Henderson is named as a defendant, no other claims are recognized the Court. Any such claims should be considered dismissed without prejudice.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno*, 414 F.3d at 653, citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007). To satisfy the subjective component, a prisoner must demonstrate that the prison official "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653. "Deliberate indifference cannot rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003).

The allegations in the complaint state a colorable Eighth Amendment claim against Dr. Henderson. Therefore the complaint shall proceed

**Motion for Counsel**

Plaintiff Ibarra has filed a motion for recruitment of counsel (Doc. 3). Plaintiff's motion will be referred to a magistrate judge for consideration.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's Eighth Amendment claim(s) against **DR. HENDERSON** shall **PROCEED**.

As an administrative matter, the Clerk of Court shall have the record reflect that Plaintiff's last name is spelled **IBARRA** and "Dentist Henderson" shall be listed in the case caption as "**DR. HENDERSON**."

The Clerk of Court shall prepare for Defendant **DR. HENDERSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service upon Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **DR. HENDERSON** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action, including Plaintiff's motion for recruitment of counsel (Doc. 3) is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 22, 2014**

                                                  s/ *Michael J. Reagan*
                                                  **MICHAEL J. REAGAN**
                                                  **UNITED STATES DISTRICT JUDGE**