IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE ANGEL IBARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14−cv−0395−MJR−SCW |
| | ) | |
| HENDERSON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pending before the Court is the Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 26), which was filed on July 26, 2015.  The Court set this Motion for a show cause hearing on August 10, 2015, at which Plaintiff failed to appear.  (Doc. 18)  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).   For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, and the case **DISMISSED with prejudice**. (Doc. 26).

## BACKGROUND

Plaintiff filed this suit on March 31, 2014, while he was incarcerated at Lawrence Correctional Center.  (Doc. 1).  Plaintiff filed a notice of change of address on December 15, 2014, indicating that he had been released from prison but transferred to an immigration center.  (Doc. 19).   Several documents that were sent to Plaintiff at that address were returned as being undeliverable.   Defendants sent Plaintiff written discovery at the address on the record, but it was

1

returned to them as undeliverable.  (Doc. 26-2).  Defendants then ascertained that Plaintiff had been deported on May 7, 2015.  (Doc. 26-3).  Plaintiff filed no further notices of change of address. Defendant then filed the present Motion.  (Doc. 26).  The Court set said Motion for Hearing and explicitly informed Plaintiff that failure to appear at the hearing may result in dismissal.  (Doc. 27) (Doc. 28).  Plaintiff did not appear at the hearing.  To date, he has not filed a Response to the pending Motion to Dismiss.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice.  ***Lucien v. Breweur***, **9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v).**  Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice.  ***Lucien*, 9 F.3d at 29.  *Accord James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**  Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error.  ***Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").**

Plaintiff's case should be dismissed for failure to prosecute because he has shown a pattern of serious and repeated errors.  This is not the situation in *Johnson* where the plaintiff made a single error by failing to show up at a one routine status conference.  Here, Plaintiff has failed to meet his obligations as a litigant and participate in discovery.  When Defendants complained of this conduct, Plaintiff failed to respond.   Plaintiff was sent notice at the address he provided to the Court that his

failure to appear at a hearing on this Motion may result in dismissal. Plaintiff then failed to appear. He has also failed to keep the Court informed of his whereabouts at relevant times throughout this litigation. Plaintiff was given specific warnings that his case would be subject to dismissal should he fail to appear, and yet he continued to neglect his case. *See Ball v. City of Chicago*, **2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 37 (b) and 41(b). *See Lucien*, **9 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

### CONCLUSION

It is therefore **RECOMMENDED** that Defendant's Motion for Dismissal be **GRANTED**, and that Plaintiff's case be **DISMISSED WITH PREJUDICE** for his failure to diligently prosecute his case. (Doc. 26).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** **Objections to this Report and Recommendation must be filed on or before August 27, 2015.**

**IT IS SO RECOMMENDED.**

Dated: **August 10, 2015**                    /s/ *Stephen C. Williams*
                                              **STEPHEN C. WILLIAMS**
                                              United States Magistrate Judge

3